IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06-cv-01780-EWN

In re:

DAVID A. MASCIO, d/b/a DM Capital, Inc.;
MASCIO ASSET MANAGEMENT, INC.;
MASCIO ASSET MANAGEMENT, LLC; and
MONICA L. MASCIO,

    Debtors.

PAUL GRONEWOLLER; and
GRONEWOLLER & ASSOCIATES, INC.,

    Plaintiffs/Appellees,

v.

DM CAPITAL, INC., f/k/a Mascio Asset Management, Inc.;
DAVID MASCIO; and
MAM CAPITAL, LLC,,

    Defendants/Appellants.

_____

**ORDER ON MOTION FOR REHEARING**
_____

This matter is before the Court on Appellant David Mascio's Motion for Rehearing (Doc. # 28), filed on November 21, 2007. Mascio seeks a rehearing under F.R.B.P. 8015 of the issues addressed in this Court's November 13, 2007 order (Doc. # 26) reversing and remanding a judgment and orders entered by the Bankruptcy Court. In those orders, the Bankruptcy Court in pertinent part found that Mascio owed a nondischargeable debt to Appellee Paul Gronewoller under 11 U.S.C. § 523(a)(2)(A), which generally renders nondischargeable debts obtained by

fraud. The Bankruptcy Court awarded Gronewoller damages of $164,640 based on the amount invested under an asset purchase agreement and $29,381.28 based on the amount due under a promissory note.

On appeal, this Court held the Bankruptcy Court: (1) did not expressly determine whether Mascio owed Gronewoller a "debt" under state (Colorado) law before proceeding to the nondischargeability analysis under § 523(a); (2) nevertheless implicitly determined that Mascio was liable to Gronewoller for false representation under Colorado law, which constitutes a "debt" for purposes of applying § 523(a); (3) did not consider whether Gronewoller waived his fraud claim under Colorado law; and (4) employed a restitution, rather than a benefit-of-the-bargain, analysis in awarding the $164,640 portion of Gronewoller's damages despite the fact that Gronewoller had chosen to proceed on an expectation theory of damages. Accordingly, the Court reversed the Bankruptcy Court's judgment in part and remanded to the Bankruptcy Court to expressly evaluate Mascio's waiver defense under Colorado law and to determine the proper measure of damages, if any, on Gronewoller's claim of nondischargeability of Mascio's debt under 11 U.S.C. § 523(a)(2)(A).

Mascio first argues on rehearing that there is no conflict in the evidence regarding waiver, and the Court may resolve the issue in Mascio's favor as a matter of law without remanding to the Bankruptcy Court. The Court disagrees. As discussed in the Court's prior order, the parties presented conflicting evidence at trial as to whether Gronewoller waived his fraud claim under Colorado law, and the Bankruptcy Court is in the appropriate position to make findings on that issue.

2

Mascio next argues there is no evidence in the record of any expectation damages in excess of the amount due under the promissory note. Again, the Court finds that the amount of damages is a question of fact that should first be determined by the Bankruptcy Court. Also with regard to damages, Gronewoller argues in his response to Mascio's motion for rehearing that the Court erred in holding that Gronewoller elected to pursue expectation damages, and that the Bankruptcy Court should determine the issue on remand. However, Gronewoller did not file his own motion for rehearing within 10 days after entry of this Court's judgment and has thus waived his right to seek such rehearing. F.R.B.P. 8015. Indeed, Gronewoller concedes that he "did not intend to seek appellate rehearing before Mascio filed his petition for rehearing." Appellee's Surreply (Doc. # 36) at 2. Gronewoller appears to argue his response should be construed as a cross-motion for rehearing, relying on the fact that the federal rules of appellate procedure allow an appellee to file a cross-appeal within 14 days from the date the first notice of appeal was filed. F.R.A.P. 4(a)(3). This argument is unpersuasive, as this matter is before the Court on a motion for rehearing, not an initial appeal. Further, the argument is contrary to this court's local rule 7.1C, which provides, "A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." D.C.COLO.LCivR 7.1C.

Finally, the Court addresses Mascio's complaint that the Court's order of remand "does not specify the nature of further proceedings to be taken in the Bankruptcy Court with respect to damages" and does not expressly state whether the Bankruptcy Court should make findings on damages "based on the existing record, without reopening same." Appellant's Mot. at 3. To the extent Mascio requests more specific instructions, the request is denied. The Bankruptcy Court

has discretion to determine the proper proceedings necessary to comply with this Court's remand order.

For the foregoing reasons, Appellant's Motion for Rehearing (Doc. # 28) is DENIED.

DATED: February 20, 2008.

BY THE COURT:

s/ Edward W. Nottingham
Edward W. Nottingham
Chief United States District Judge